IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JENNIFER LEIGH HOLT,<br>Individually and as Parent of J.S.H., a minor,<br><br>        Plaintiffs,<br><br>  vs.<br><br>QUALITY EGG, LLC, d/b/a "Wright County Egg," an Iowa limited liability company,<br><br>        Defendant. | Case No. 3:10-cv-03046-DEO<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

  COME NOW the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, and for their cause of action against defendant Quality Egg, LLC, respectfully allege as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

  1. Jennifer Leigh Holt is the natural parent of J.S.H., an eleven-year-old minor child, and both are residents of Newbury Park, California.

  2. The defendant Quality Egg, LLC, d/b/a "Wright County Egg" is an Iowa limited liability company that, at all times relevant, was engaged in the business of manufacturing and distributing shell eggs to customers nationally, including food retailers for resale, and is located at 2674 Highway 69, Galt, Iowa, 50101.

  3. Subject matter jurisdiction in this matter is proper based on the diversity of the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), both as required under 28 U.S.C. §1332(a)(2).

4.	Venue of this matter is proper in the United States District Court for the Northern District of Iowa, Western Division, pursuant to 28 U.S.C. §1391(a), as a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this judicial district.

## II.  GENERAL FACT ALLEGATIONS

**The Outbreak and Wright County Egg's Recalls**

5.	On August 16, 2010, the Centers for Disease Control and Prevention (CDC) announced that it had observed an approximate four-fold nationwide increase, in late June and early July 2010, in reports of human illnesses caused by *Salmonella* enteritidis.

6.	On August 13, 2010, the defendant Wright County Egg issued a recall of approximately 228,000,000 shell eggs that it had manufactured and distributed in recent months. Wright County Egg had distributed the recalled eggs to food wholesalers, distribution centers, and foodservice companies in California, Illinois, Missouri, Colorado, Nebraska, Minnesota, Wisconsin and Iowa.  In turn, the companies that Wright County Egg had distributed to further distributed and sold the recalled eggs.

7.	On August 16, 2010, the same day as the CDC's announcement described at paragraph 5 of this complaint, Wright County Egg expanded the recall described at paragraph 6 of this complaint to include approximately 380,000,000 eggs.

8.	In the days following Wright County Egg's recalls, numerous state health departments, including the California Department of Health, announced illnesses amongst state residents linked to eggs and egg products sold by Wright County Egg.

**J.S.H.'s *Salmonella* Illness**

9.	On or about July 1 and 2, 2010, the minor plaintiff J.S.H. consumed *Salmonella*-contaminated eggs that her mother, plaintiff Jennifer Holt, had purchased at a Ralph's

supermarket location in the days prior. The eggs that J.S.H. consumed had been manufactured and distributed to Ralph's by Wright County Egg.

10.   On or about July 4, 2010, while traveling to a campsite with her father in Bridgeport, California, J.S.H. began to suffer from a headache, slight fever, and abdominal cramps and nausea.

11.   J.S.H.'s symptoms became worse over the course of the day, and at approximately 1:00 AM the morning of July 5, 2010, she began to vomit and experience bouts of explosive diarrhea.

12.   With J.S.H.'s symptoms continuing to worsen, her family decided to return home from their camping trip on July 5, 2010. They traveled for seven hours in a friend's motorhome, and J.S.H. continued to vomit and suffer from bouts of severe diarrhea during the ride.

13.   By Tuesday morning, July 6, 2010, J.S.H. was unable to consume food or liquids, and had become badly dehydrated. Her mother took her to see the pediatrician later in the morning, who advised Jennifer to take J.S.H. to the emergency department at Los Robles Regional Medical Center in nearby Thousand Oaks, California.

14.   J.S.H. was seen in the emergency department, where she received intravenous fluids to correct her severe dehydration. She continued to suffer from vomiting and diarrhea, however, and the attending decision admitted her to the pediatric ward in the regular hospital.

15.   While hospitalized, J.S.H. continued to suffer from bouts of severe diarrhea approximately every half hour. Her mother or father stayed with her during the entirety of her hospital stay, electing to sleep by her side in a chair so they would be close if J.S.H. needed them. J.S.H. suffered from immense pain, and cried inconsolably, but her physicians were unable to administer pain medications for fear of exacerbating her symptoms.

16. J.S.H. was discharged from Los Robles Regional Medical Center on or about Friday, July 9, 2010, by which time she had lost approximately seven pounds and was extremely weak and pale. On or about the day of her discharge, J.S.H.'s parents learned that a stool sample she had submitted during her stay in the emergency department was positive for *Salmonella*.

17. J.S.H. was kept on a restricted diet for approximately one week after being discharged from the hospital, during which time she was unable to eat any significant amounts of food due to her continuing illness and recovery. The weekend following discharge from the hospital, J.S.H., who is an all-star softball player, was unable to participate in the season's final softball tournament due to her severely weakened condition.

18. In the weeks following J.S.H.'s illness, Jennifer Holt learned from the Ventura County Health Department that the strain of *Salmonella* J.S.H. had been infected by was *Salmonella* enteritidis, which was subsequently determined to be the strain implicated in the defendant's recall.

19. J.S.H. continues in her recovery, and her most recent stool tests showed that she continues to be infected by *Salmonella* enteritidis that she contracted by consuming the defendant's contaminated eggs on or about July 1 and 2, 2010. Medical expenses incurred to-date for treatment of J.S.H.'s illness total over $20,000.

### III.     STRICT PRODUCT LIABILITY

20. The defendant Wright County Egg was at all times relevant to this matter the manufacturer and seller of the adulterated food product that is the subject of the action.

21. The adulterated food product that the defendant Wright County Egg manufactured, distributed, and sold was, at the time it left the defendant Wright County Egg's

control, defective and unreasonably dangerous for its ordinary and expected use because it contained *Salmonella*, a deadly pathogen.

22. The adulterated food product the defendant Wright County Egg manufactured, distributed, and sold was delivered to the plaintiffs without any change in its defective condition. The adulterated food product the defendant manufactured, distributed, and sold was used in the manner expected and intended, and was consumed by the minor plaintiff, J.S.H.

23. The plaintiffs suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendant Wright County Egg manufactured, distributed, and sold. These damages include, but are not limited to: physical and mental pain and suffering, past and future in the form of the pain and suffering including bodily suffering, discomfort and loss of enjoyment of life; and medical costs and expenses to this point and the present value of reasonable medical expenses in the future.

WHEREFORE, the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, requests damages in an amount that will reasonably compensate plaintiffs for the said injuries and damages, together with interest and costs, as permitted under Iowa law.

### IV. BREACH OF WARRANTY

24. Plaintiffs replead the allegations set forth in paragraph 1 through 23 above and incorporate same as if set forth fully herein.

25. The defendant Wright County Egg is liable to the plaintiffs for breaching express and implied warranties it made regarding the adulterated product that the plaintiffs purchased. These express and implied warranties included the implied warranties of merchantability and fitness for a particular use. Specifically, the defendant Wright County Egg expressly warranted,

through its sale of food to the public and by the statements and conduct of its employees and agents, that the food it prepared and sold was fit for human consumption and not otherwise adulterated or injurious to health.

26. The plaintiffs allege that the *Salmonella*-contaminated food that defendant Wright County Egg sold to the plaintiffs would not pass without objection in the trade and was not fit for the ordinary purposes for which such goods are used, and was therefore in breach of the implied warranty of merchantability.

27. The plaintiffs allege that the *Salmonella*-contaminated food that the defendant Wright County Egg sold to the plaintiffs was not fit for the particular uses and purposes intended, *i.e.* human consumption, and that this product was therefore in breach of the implied warranty of fitness for its particular purpose.

WHEREFORE, the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, requests damages in an amount that will reasonably compensate plaintiffs for the said injuries and damages, together with interest and costs, as permitted under Iowa law.

## V. NEGLIGENCE PER SE

28. Plaintiffs replead the allegations set forth in paragraphs 1 through 27 above and incorporates same as if fully set forth herein.

29. The defendant Wright County Egg had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its food product, including, but not limited to, the requirements of the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et seq*.

30. The defendant Wright County Egg failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent *per se* in its manufacture, distribution, and sale of food adulterated with *Salmonella*, a deadly pathogen.

31. As a direct and proximate result of conduct by the defendant Wright County Egg that was negligent *per se*, the plaintiffs sustained injuries and damages.

WHEREFORE, the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, requests damages in an amount that will reasonably compensate plaintiffs for the said injuries and damages, together with interest and costs, as permitted under Iowa law.

## VI.  NEGLIGENCE

32. Plaintiffs replead the allegations set forth in paragraphs 1 through 31 above and incorporate same as if fully set forth herein.

33. The defendant Wright County Egg owed a duty to the plaintiffs to use reasonable care in its manufacture, distribution, and sale of its food products, which duty, if met, would have prevented or eliminated the risk that the defendant Wright County Egg's food products would become contaminated with *Salmonella* or any other dangerous pathogen. The defendant Wright County Egg breached this duty.

34. The defendant Wright County Egg had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its food product, but failed to do so, and was therefore negligent. The plaintiffs are among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provision pertaining to the manufacture, distribution, storage, and sale of similar food products.

35. The defendant Wright County Egg had a duty to properly supervise, train, and monitor its employees, and to ensure their compliance with all applicable statutes, laws,

regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of similar food products, but it failed to do so and was therefore negligent.

WHEREFORE, the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, requests damages in an amount that will reasonably compensate plaintiffs for the said injuries and damages, together with interest and costs, as permitted under Iowa law.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs, Jennifer Leigh Holt, Individually and as Parent of J.S.H., a minor, pray for judgment against the defendant Wright County Egg as follows:

a. Judgment for plaintiffs against the defendant for just compensation in a fair and reasonable amount for the damages above set forth; and

b. Such additional and/or further relief, including interest, costs, and reasonable attorney fees, as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

Dated this _____ day of August, 2010.

                                            Respectfully submitted,

                                            /s/ Steven P. Wandro_____
                                            Steven P. Wandro
                                            Kara M. Simons
                                            WANDRO, BAER & McCARTHY, P.C.
                                            2501 Grand Avenue
                                            Des Moines, IA  50312
                                            Telephone: (515) 281-1475
                                            Facsimile: (515) 281-1474
                                            E-mail: swandro@2501grand.com
                                            E-mail: ksimons@2501grand.com

-9-

        William Marler, Esq.
        MARLER CLARK, LLP PS
        701 First Avenue, Suite 6600
        Seattle, WA  98104
        Telephone:  (206) 346-1888
        Facsimile:  (206) 346-1898
        E-mail: [bmarler@marlerclark.com](mailto:bmarler@marlerclark.com)

        ATTORNEYS FOR PLAINTIFFS

Original filed.